# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.,*<br><br>                    Plaintiff,<br><br>vs.<br><br>ASCION, LLC,<br><br>                    Defendant. | Adv. Proc. No. 22-50168 (CTG) |

## ASCION, LLC'S ANSWER TO PREFERENCE COMPLAINT

NOW COMES ASCION, LLC ("Ascion"), by and through its undersigned counsel, and for its answer to the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") filed by Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al*., (the "Plaintiff"), for the estates of the above-captioned debtors (the "Debtors"), states as follows:

### THE PARTIES

1. Ascion admits the allegations contained in Paragraph 1 of the Complaint.

2. Ascion admits the allegations contained in Paragraph 2 of the Complaint.

3. Ascion denies the allegations contained in Paragraph 3 of the Complaint.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

4. The allegations contained in Paragraph 4 of the Complaint state a legal conclusion; therefore, no response is required.

5. The allegations contained in Paragraph 5 of the Complaint state a legal conclusion; therefore, no response is required.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion; therefore, no response is required. Ascion consents to the Bankruptcy Court's entry of a final adjudication of the merits of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint state a legal conclusion; therefore, no response is required.

8. The allegations contained in Paragraph 8 of the Complaint state a legal conclusion; therefore, no response is required. To the extent a response is necessary, Ascion denies the allegations contained in Paragraph 8 of the Complaint.

9. Ascion admits the allegations contained in Paragraph 9 of the Complaint.

10. Ascion is without sufficient information so as to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11. Ascion admits that it supplied goods and services to the Debtors and that the Debtors were legally obligated to pay for the goods produced in response to the Debtors' requests and for the services rendered. All remaining factual allegations set forth in Paragraph 11 of the Complaint are denied.

12. As to the allegations contained in Paragraph 12 of the Complaint that state a legal conclusion, no response is required. Ascion denies that it received a demand letter from the Plaintiff. Ascion is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies same.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

13. Ascion repeats and realleges Paragraphs 1-12 of its Answer as though fully set forth herein.

14. Ascion admits that it received payments from the Debtors within the ninety days prior to the Petition Date. All remaining factual allegations set forth in Paragraph 14 of the Complaint are denied.

15. Ascion admits the allegations contained in Paragraph 15 of the Complaint.

16. As to the allegations contained in Paragraph 16 of the Complaint that state a legal conclusion, no response is required. Ascion admits that it supplied goods and services to the Debtors and that the Debtors were legally obligated to pay for the goods produced in response to the Debtors' requests and for the services rendered. All remaining factual allegations set forth in Paragraph 16 of the Complaint are denied.

17. As to the allegations contained in Paragraph 17 of the Complaint that state a legal conclusion, no response is required. Ascion admits that some of the alleged Transfers either reduced or fully satisfied a debt or debts owed by the Debtors. All remaining factual allegations set forth in Paragraph 17 of the Complaint are denied.

18. Ascion admits that some of the alleged Transfers may have been applied to satisfy a portion of the antecedent debts owed by the Debtors. All remaining factual allegations set forth in Paragraph 18 of the Complaint are denied.

19. As to the allegations contained in Paragraph 19 of the Complaint that state a legal conclusion, no response is required. Ascion is without sufficient information to form a belief as to the factual allegations contained in Paragraph 19 of the Complaint and therefore denies same.

20. Ascion is without sufficient information to form a belief as to the allegations contained in Paragraph 20 of the Complaint and therefore denies same.

21. Ascion admits the allegations contained in Paragraph 21 of the Complaint.

22. Ascion denies the allegations set forth in Paragraph 22 of the Complaint.

Any averments not specifically admitted in Paragraphs 1-22 above are hereby denied.

WHEREFORE, ASCION, LLC requests that the Court deny the relief requested in Count I of the Complaint and award it such other relief as it deems just.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property—11 U.S.C. § 550)

23. Ascion repeats and realleges Paragraphs 1-22 of its Answer as though fully set forth herein.

24. As to the allegations contained in Paragraph 24 of the Complaint that state a legal conclusion, no response is required.  Ascion admits that it was the initial transferee of the alleged Transfers.  All remaining factual allegations set forth in Paragraph 24 of the Complaint are denied.

25. Ascion denies the allegations set forth in Paragraph 25 of the Complaint.

Any averments not specifically admitted in Paragraphs 1-25 above are hereby denied.

WHEREFORE, ASCION, LLC requests that the Court deny the relief requested in Count II of the Complaint and award it such other relief as it deems just.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

**NOTICE IS HEREBY GIVEN** that ASCION, LLC intends to rely upon the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of the payments received by Ascion from the Debtors were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Ascion; made in the ordinary course of business or financial affairs of the Debtors and Ascion; and were made according to ordinary business terms. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(2).

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because, after receipt of the certain payments by Ascion from Debtors, Ascion gave new value to the Debtors, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Ascion. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(4).

**FOURTH DEFENSE**

Some or all of the payments made by Debtors to Ascion were intended to and were substantially contemporaneous exchanges for new value given to Debtors, and were, in fact, substantially contemporaneous exchanges. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(1).

**FIFTH DEFENSE**

Ascion reserves the right to assert additional and/or different affirmative defenses as discovery progresses and the facts are ascertained to support such defenses.

WHEREFORE, ASCION, LLC respectfully requests that judgment be entered in its favor, and that the Court enter an Order that dismisses the cause of action against Ascion and that grants such other and further relief as the Court may deem just and proper.

Dated: July 8, 2022
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark L. Desgrosseilliers*

Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email: desgross@chipmanbrown.com

    -and-

James E. Morgan (Admitted *Pro Hac Vice*)
**HOWARD & HOWARD ATTORNEYS PLLC**
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 456-3414
Email: jem@h2law.com

*Counsel for Defendant*